UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 1:05-CR-132 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| | ) | |
| RICHARD JONES, also known as | ) | |
| "Deacon" | ) | |

**M E M O R A N D U M**

Before the Court is a motion to dismiss filed by Defendant Richard Jones ("Defendant") (Court File No. 14) with supporting memoranda and exhibits (Court File Nos. 15, 16, 17). Defendant seeks dismissal of the Indictment (Court File No. 5). The Government filed a response to Defendant's motion (Court File No. 18). After careful consideration of the above motions and briefs, and for the following reasons, the Court will **DENY** Defendant's motion to dismiss.

**I.   STANDARD OF REVIEW**

Motions to dismiss are governed by Rule 12 of the Federal Rules of Criminal Procedure, which permits pretrial consideration of any defense "the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). Generally, a defense can be determined before trial if it involves questions of law instead of questions of fact on the merits of criminal liability. *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997). Accordingly, the defense may use a Rule 12(b) motion to raise for consideration such matters as "former jeopardy, former conviction, former acquittal, statute of limitations, immunity [and] lack of jurisdiction." *Id.* (quoting *United States v. Smith*, 866 F.2d 1092, 1096 n.3 (9th Cir.1989)). In considering such motions, a trial court may

"ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder." *Craft*, 105 F.3d at 1126.

An indictment valid on its face may not be dismissed on the ground it is based on inadequate or insufficient evidence. *United States v. Williams*, 504 U.S. 36, 54 (1992). Hence, a court cannot consider a factual challenge to an indictment purporting to show a defect consisting solely of insufficient evidence to prove a particular charge. Where a defendant's pretrial motion to dismiss requires the court to find facts that make up the elements of the case, a determination which would normally be reserved to the jury at trial, the motion to dismiss should be denied:

> Rule 12(b)(1) of the Federal Rules of Criminal Procedure, which cautions the trial judge that he may consider on a motion to dismiss the indictment only those objections that are "capable of determination without the trial of the general issue," indicates that evidentiary questions of this type should not be determined on such a motion.

*United States v. Knox*, 396 U.S. 77, 83 n. 7, 90 S. Ct. 363, 367 n.7, 24 L. Ed. 2d 275 (1969). In essence, a motion to dismiss should be denied if it requires a pretrial test of the government's evidence:

> Rule 12(b)(1) permits the raising by motion of defenses or objections only where they are "capable of determination without the trial of the general issue," the general issue being the issue presented by the allegations of the indictment and the plea. Allegations of the indictment essential to prove the offense charged and the pleas in answer to such allegations require a trial of the general issue. Here, the issue presented by the defense or objections raised by appellants in their motions is that the allegations of the indictment are false and untrue. This is the general issue, and this issue could only be determined on the trial. Appellants, therefore, under Rule 12, can not present such a defense or raise such an objection by a motion to dismiss the indictment.

*Universal Milk Bottle Serv. v. United States*, 188 F.2d 959, 962 (6th Cir. 1951), *see also United States v. Short*, 671 F.2d 178, 181-82 (6th Cir. 1982).

## II. RELEVANT FACTS

On March 3, 1971, Defendant pleaded guilty to one count of Murder and one count of Aggravated Assault in Butts County, Georgia Superior Court. He received a sentence of 10 years imprisonment on the aggravated assault conviction and a sentence of life imprisonment on the murder charge, to run consecutively. He was subsequently paroled.

A Court Order issued in Hamilton County, Tennessee Circuit Court on November 23, 1994 under docket number 94-CV-2042 restored Defendant's full rights of citizenship (Court File No. 15, Exhibit A). The Government asserts the Georgia State Board of Pardons and Paroles issued an order of Restoration of Civil and Political rights to the defendant on January 4, 1991. According to the Government, in this order, all rights were restored to the defendant except the right to "receive, possess, or transport in commerce a firearm," which was a right expressly excluded in the Georgia rights restoration.

On February 2, 2004, an officer of the Chattanooga Police Department arrested Defendant at the Outlaws Motorcycle Club ("OMC") clubhouse at 3014 Campbell Street, Chattanooga, Tennessee ("the OMC Clubhouse") on domestic violence charges. A search incident to his arrest yielded a cache of firearms being held in the OMC clubhouse, including assault rifles, shotguns and bolt-action sniper rifles. Defendant was interviewed by Federal Bureau of Investigation ("FBI") Special Agent ("SA") Paul Healy and Bureau of Alcohol, Tobacco and Firearms ("ATF") SA Andy Anderson, and Defendant advised the agents he was a convicted felon but his right to possess firearms was restored to him by a court order. After the domestic violence charge was dismissed, the firearms were returned to Defendant and were stored at the OMC Clubhouse.

SA Healy reviewed Defendant's criminal history and was aware he was a convicted felon, with a conviction for Murder. In the interview of the defendant, Defendant advised SA Healy the guns stored at the OMC Clubhouse belonged to Defendant and Sharon Blankenship. He described the firearms that belonged to him as: three .38 pistols, two bolt-action Russian 1948 rifles, two SKS rifles, one Ithaca Model 37 pump-action shotgun, one Ruger .45 Model 9070 pistol, one CZ-52 pistol, and one CZ-52 rifle.

On July 12, 2005, Defendant was charged in an Indictment with illegal possession of firearms in violation of 18 U.S.C. § 922(g)(1) because he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year (Court File No. 5).

### III. DISCUSSION

Count One charges Defendant with possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Section 922(g) states in relevant part:

> It shall be unlawful for any person-
>
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which as been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Defendant contends his 1971 conviction for Murder and Aggravated Assault in Georgia does not qualify as a predicate offense under § 922(g)(1) because his civil rights were restored for a conviction that occurred before July 1, 1986. Further, Defendant argues that the theory of *Ex Post Facto* expressed in Article I, § 11 of the Tennessee Constitution limits the

4

Tennessee General Assembly's authority to restrict Defendant's mere possession of a firearm. The Court will address each of these arguments in turn.

### A. Restoration of Rights of Citizenship

Defendant and the Government agree Defendant was convicted in 1971 for the violent felonies of Murder and Aggravated Assault in the state of Georgia. Defendant argues since his rights of citizenship were restored in Tennessee without express limitation, it would be improper to characterize his 1971 conviction as a predicate offense under § 922(g). As such, Defendant seeks to dismiss the Indictment.

The state law in the jurisdiction where the crime occurred determines if the defendant can or cannot legally possess a gun.

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms.

18 U.S.C. 921(a)(20). The Sixth Circuit has held if a state has restored civil rights to a felon, without expressly limiting the felon's firearm privileges, then the felon is not subject to federal firearms disabilities. *United States v. Cassidy*, 899 F.2d 543, 546 (6th Cir. 1990). However, if there is any abrogation or limitation at all of a convicted person's rights with respect to his ability to possess or carry firearms, then federal law does apply, and the convicted person may not possess any firearms whether his rights have been restored by the state or not. *Caron v. United States*, 524 U.S. 308 (1998). The Court must look to the whole of state law to determine whether a convicted felon's firearms privileges have been expressly restricted. *Cassidy,* 899 F.2d at 546 ("It is axiomatic that if we must look to the whole of state law in order to determine whether a felon's civil rights have

5

been restored, as opposed to looking only to an order or certificate, we must also look to the whole of state law in order to determine if his firearms privileges have been expressly restricted.")

The Government argues Tennessee state law currently restricts Defendant's ability to carry a firearm because he is unable to obtain a handgun carry permit. Pursuant to Tenn. Code Ann.§ 39-17-1307(a)(1) and Tenn. Code Ann.§ 39-17-1308(2) respectively, it is unlawful in Tennessee to carry a firearm without a handgun carry permit. The Tennessee Code further provides "[i]f the applicant [for a handgun carry permit] is not prohibited from purchasing or possessing a firearm in this state pursuant to § 39-17-1316 or § 39-17-1307(b), 18 U.S.C. § 922(g), or any other state or federal law, and the applicant otherwise meets all of the requirements of this section, the department shall issue a permit to the applicant." Tenn. Code Ann.§ 39-17-1351(b). "Felons convicted of a 'felony involving the use or attempted use of force, violence, or a deadly weapon' or of any felony drug offense may not lawfully possess a handgun under Tennessee law even if they have had their rights restored. Tenn. Code Ann. § 39-17-1307(b)." Tenn. Op. Atty. Gen. No. 97-169, 1997 WL 834292, p.5 (Tenn. A.G.). Pursuant to Tenn. Code Ann.§ 39-17-1351(j)(3), "Felons convicted of 'burglary, any felony offense involving violence or use of a firearm or any drug offense involving a Schedule I, II, II, IV, or V controlled substance' are barred from obtaining a handgun carry permit." *Id.* As a result of a combination of these laws, the Government asserts there is no citizenship right in Tennessee for Defendant, a felon convicted of the violent felonies of Murder and Aggravated Assault, to carry a firearm.

Defendant argues the restoration of his rights of citizenship in Tennessee is without exception because the Court Order issued in Hamilton County, Tennessee Circuit Court on November 23, 1994 did not contain any limitation of his possession of firearms. Under *Cassidy,* the

6

Court is not limited to examination of that Order alone without referencing the entirety of Tennessee law to determine whether Defendant's firearms privileges have been expressly restricted. 899 F.2d at 546. Tenn. Code Ann. § 39-17-1307(b)(1)(A) states it is a felony for a person convicted of a violent crime to possess a handgun. The Tennessee Supreme Court held "the legislature intended a person who has been convicted of a felony involving the use of force, violence, or deadly weapon cannot possess a handgun, even where his citizenship rights have been restored." *State v. Johnson*, 79 S.W.3d 522, 524 (Tenn. 2002). To support this decision, the court stated "other statutory provisions likewise explicitly limit a convicted violent felon's right to possess a handgun . . . a handgun permit may be issued to a felon who has had his rights of citizenship restored, unless he or she was convicted of, among other offenses, a violent felony. Tenn. Code Ann. § 39-17-1351(j)(3)." *Id.* at 528. Since both the Government and Defendant assert defendant was convicted of the violent felonies of Murder and Aggravated Assault, as a matter of law, the Court will not dismiss the Indictment.

Defendant may very well be correct in arguing his 1971 conviction does not qualify as a predicate conviction under § 922(g)(1) based on certain alleged facts. However, in making this argument Defendant is asking the Court to find facts that make up the elements of the crime. To sustain a conviction under § 922(g)(1), the Government must prove beyond a reasonable doubt Defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year. *See* 18 U.S.C. § 922(g)(1). To the extent that Defendant's motion is a request for this Court to hold a pretrial test of the Government's evidence, the Court declines to hold such a pretrial test. As a matter of public policy, "criminal cases generally should not be attenuated by preliminary or 'mini-' trials concerning . . . the competency of the evidence . . ." *Craft*, 105 F.3d at 1127.

7

Accordingly, the Court will **DENY** Defendant's motion to dismiss Count One on this ground.

### B. *Ex Post Facto* Clause

Next, Defendant notes

> Additionally the Tennessee State Constitution Artical [sic] 1 § 11
> **Ex post facto laws -** that laws made for the punishment of acts committed previous to the existence of such laws, and by them only declared criminal, [are] contrary to the principles of a free government; wherefore no Ex post facto laws shall be made.

The Court finds no legitimate or discernable legal argument in this passage from Defendant's memo. The passage of Tenn. Code Ann. § 39-17-1351(j)(3) does not violate the *Ex Post Facto* clause as to Defendant. The conduct being punished is that of the recent act of possessing a firearm. *United States v. Campbell*, 256 F.3d 381, 393 (6th Cir. 2001). No right was taken from Defendant by the passage of the concealed carry permit law in Tennessee and Defendant is not being punished for anything he did before February 2004, when the Government alleges Defendant violated federal § 922(g)(1). Accordingly, the Court will **DENY** Defendant's motion to dismiss the Indictment on this ground.

## IV. <u>CONCLUSION</u>

In light of the above reasoning, the Court will **DENY** Defendant's motions to dismiss (Court File No. 14).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

9